# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ELIZABETH LUCAS,

              Plaintiff,

      v.                                  Case No. 20-C-799

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

              Defendant.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

---

This matter comes before the Court on Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a court to alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). A manifest error is "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Relief under Rule 59(e) is an "extraordinary remedy," *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), and a plaintiff must "clearly establish" that she is entitled to such relief. *Harrington v. City of Chicago*, 433 F.2d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Plaintiff asserts that the Court made an error of law and fact because substantial evidence does not support the ALJ's step five finding that Plaintiff could perform a significant number of jobs in the national economy. In affirming the Commissioner's decision, the Court noted that the ALJ's findings at step five reflected the fact that the vocational expert (VE) explained her methodology for arriving at her job numbers and that her conclusions were based on her education, experience, resources, and SkillTRAN. Plaintiff claims that the Court erred in finding that the vocational expert was not required to fully explain SkillTRAN's methodology because it was available on the SkillTRAN website.

After considering Plaintiff's arguments, the Court concludes there is no basis to alter the September 30, 2021 decision and order affirming the Commissioner's decision. Plaintiff's motion merely asserts arguments previously presented to the Court. As explained in the Court's decision, the VE properly identified her sources and testified to their reliability; she was not required to explain SkillTRAN's methodology. *See David E. v. Saul*, No. 18 C 727, 2019 WL 4034496, at *9 (N.D. Ill. Aug. 27, 2019) ("Nor was there any requirement that the VE explain the methodology used by the SkillTRAN software on which she relied for the job numbers she provided, as several district courts in this circuit have observed." (collecting cases)). The VE adequately explained her methodology for arriving at the job numbers, and the ALJ was entitled to rely on her testimony. Plaintiff does not offer any factual or legal argument that convinces the Court that its decision was in error. Accordingly, Plaintiff's motion to alter or amend judgment (Dkt. No. 39) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2